# IN THE UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF ILLINOIS

MICHAEL AMICK**,**

      Petitioner,

   v.                                    Case No.

WAYNE SEELYE

      Respondent

## PETITION TO ENFORCE SUBPOENA

Pursuant to Federal Rule of Civil Procedure 45(g), Petitioner Michael Amick (Petitioner), moves this Court to enter an order directing Respondent Wayne Seelye (Respondent) to attend a deposition in aid of completing discovery in *Amick, et al. v. Oregon County, et al.,* 6:17-cv-03391 (W.D. Mo.).

## FACTUAL AND PROCEDURAL BACKGROUND

1. Petitioner was wrongfully convicted of murder in July 2011 and, after years of imprisonment, subsequently exonerated and released from prison in December 2016.

2. Petitioner has filed a civil suit seeking redress for his wrongful conviction and alleging the individual defendants in the suit acted pursuant to the policies, practices and customs of various municipal entities in securing his wrongful conviction. *Amick, et al. v. Oregon County, et al.,* 6:17-cv-03391 (W.D. Mo.).

3. Respondent gave a statement purportedly implicating Petitioner in the crime and then testified against Petitioner at the criminal trial that resulted in Petitioner's wrongful

conviction. Ex. 1 (Seelye Handwritten Statement) & Ex. 2 (Trial Witness List). Accordingly, Respondent is a fact witness in Petitioner's pending civil suit.

4. On January 9, 2019, Petitioner sent a letter to Respondent, asking Respondent to contact Petitioner's counsel and schedule a date for his deposition. Ex. 3 (Omavi Shukur Decl.), ¶ 10.

5. Respondent never responded to Petitioner's letter. *Id.*, ¶ 11.

6. On February 4, 2019, a valid subpoena was issued commanding the appearance of Respondent at a deposition to take place on February 25, 2019, at a location in Pekin, Illinois, within one hundred miles of Respondent's residence. *Id.*, ¶ 12.

7. Respondent was personally and appropriately served on February 5, 2019 and was paid attendance and mileage fees as required by Rule 45. *Id.*, ¶ 13.

8. Respondent failed to appear for the deposition. *Id.*, ¶ 14.[1]

9. On March 13, 2019, Petitioner again sent a letter to Respondent, asking Respondent to contact Petitioner's counsel and schedule another date for the deposition. Petitioner requested Respondent to reply to this letter by March 20, 2019. *Id.*, ¶ 15.

10. Respondent has not responded to this letter. *Id.*, ¶ 16.

## LEGAL ANALYSIS

11. "A party may, by oral questions, depose any person…without leave of court…" Fed. R. Civ. P. 30(a)(1). "A motion for an order [compelling discovery] to a nonparty must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2). Further,

---

[1] As noted in the accompanying declaration of Omavi Shukur, Mr. Seelye had previously been served with a subpoena and failed to attend a deposition, but he had not been provided with attendance or mileage fees before that deposition. Petitioner provides this information only for background, as it provides additional support for the proposition that Mr. Seelye is unlikely to appear for a deposition on his own.

"[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

12. Seelye's deposition was to be taken in the Central District of Illinois and, as a result, this Court is the appropriate venue for this Motion. Fed. R. Civ. P. 37(a)(2).

13. The subpoena commanding Seelye to appear for deposition on February 25, 2019 was valid and met all requirements of the Federal Rules of Civil Procedure. The subpoena contained all information required by Rule 45(a)(1) and was issued by the Court where the underlying action is pending pursuant to Rule 45(a)(2). Ex. 4 (Seelye Subpoena Materials). Pursuant to Rule 45(a)(3), it was signed by an attorney authorized to practice in the issuing court. *Id.* Further, the subpoena was served by a person at least 18 years old and commanded Seelye to appear at a deposition within 100 miles of where he resides as required by Rules 45(b)(1) and 45(c)(1)(A). *Id.* Moreover, Seelye was issued a check for attendance and mileage fees as required by Rule 45(b)(1). *Id.*

14. As a result, the subpoena was in all respects valid and Seelye was required to attend the deposition, but he failed to do so. Ex. 5 (Tr. Noting Seelye Nonappearance).

15. Petitioner sent Mr. Seelye multiple letters asking him to contact Petitioner's counsel to schedule his deposition, but Mr. Seelye has not responded to those letters, and he did not show up at his deposition despite being properly served with a valid subpoena. Ex. 3, ¶¶ 10-11, 14-16.

16. In light of the above, Seelye's attendance at a deposition in aid of completing discovery the above-referenced civil matter may be compelled by this Court pursuant to Fed. R. Civ. P. 37(a)(2).

WHEREFORE, Petitioner requests an order from this Court compelling Seelye's attendance at a deposition in aid of completing discovery the above-referenced civil matter.

Respectfully submitted this 28th day of March, 2019.

RESPECTFULLY SUBMITTED:

/s/ Scott Rauscher
Attorney for Michael Amick

Scott Rauscher
LOEVY & LOEVY
311 N. Aberdeen St., 3rd floor
Chicago, IL 60607
(312) 243-5900

**CERTIFICATE OF COMPLIANCE WITH RULE 37(a)(1)**

The undersigned hereby certifies pursuant to Federal Rule of Civil Procedure 37(a)(1), that counsel for Petitioner, in good faith, attempted to confer with Wayne Seelye in an effort to obtain compliance with the subpoena described in this Motion to Compel without court action. That effort failed. On January 9, 2019, Petitioner sent a letter to Respondent, asking Respondent to contact Petitioner's counsel and schedule a date for his deposition. Respondent never responded to Petitioner's letter. On March 13, 2019, Petitioner again sent a letter to Respondent, asking Respondent to contact Petitioner's counsel and schedule another date for the deposition. Petitioner requested Respondent to reply to this letter by March 20, 2019. Respondent has not responded to this letter.

/s/ Scott Rauscher
Scott Rauscher